UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VISTAJET US INC.,

                                                   Case No.

                   Plaintiff,

                                                   **COMPLAINT**

      - against -

RISHI GAUTAM,

                   Defendant.
------------------------------------------------------------X

        Plaintiff VistaJet US Inc. ("VistaJet US"), by and through its attorneys, Clyde & Co US LLP, as and for its Complaint against defendant Rishi Gautam ("Gautam"), alleges as follows:

**PRELIMINARY STATEMENT**

        1.    This is an action for breach of contract arising out of Gautam's breach of an agreement (the "Agreement") between VistaJet US and Gautam pursuant to which Gautam agreed to purchase one hundred fifty (150) privately-chartered aircraft flight hours per year at a fixed rate and with guaranteed availability for a period of five (5) years. Gautam has breached the Agreement by failing and refusing to pay the money that he owes to VistaJet US under the Agreement.

**THE PARTIES**

        2.    VistaJet US is a corporation organized and existing under the laws of Delaware with its principal place of business located in New York, New York.

        3.    Upon information and belief, at all times relevant to this action, Gautam was and is a citizen and resident of the State of Florida.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

5. This Court has personal jurisdiction over Gautam because in the Agreement he consented to the exclusive jurisdiction of the federal and state courts of the State of New York to determine any disputes arising out of the Agreement, and because the claims in this litigation arise out of his transaction of business in New York in relation to the Agreement.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because this is a district in which a substantial part of the events or omissions giving rise to the claims occurred, in which the Defendant is subject to the Court's personal jurisdiction, and to which the parties to the Agreement waived any venue objection.

**FACTUAL ALLEGATIONS**

7. On or about August 31, 2018, VistaJet US and Gautam executed the Agreement which required VistaJet US to arrange to provide to Gautam 150 flight hours per year on privately-chartered aircraft for a five (5) year term, and required Freels to pay for those 150 flight hours (the "Committed Hours") at the initial rate of $11,117 per hour in accordance with the payment schedule set forth in the Agreement.

8. The start date for the Agreement was August 31, 2018 ("Start Date").

9. The Agreement provides, in Further Provisions, Section 1.1, that "[a]ll rates and monetary amounts set out in this Program may be adjusted by VistaJet US on each anniversary of the Start Date by the greater of (a) 2.5%; and (b) the rate of increase of the most recent

monthly G20 Consumer Price Index as published by the OECD at the most recent anniversary of the Start Date."

10. On the first anniversary of the Start Date, in accordance with Further Provisions, Section 1.1, VistaJet US increased the hourly rate for the Committed Hours to $11,530 per hour.

11. The Agreement required Gautam to pay for the flight hours in quarterly installments, on the following schedule:

- $416,889 due by September 7, 2018, consisting of $60,000 due by August 31, 2018, and the remaining $356,889 due by September 7, 2018 ("First Installment");
- $416,889 due by December 1, 2018 ("Second Installment");
- $416,889 due by March 1, 2019 ("Third Installment");
- $416,889 due by June 1, 2019 ("Fourth Installment");
- $432,375 due by August 31, 2019 ("Fifth Installment");
- $432,375 due by December 1, 2019 ("Sixth Installment");
- $432,375 due by March 1, 2020 ("Seventh Installment");
- $432,375 due by June 1, 2020 ("Eighth Installment");
- $432,375 due by August 31, 2020 ("Ninth Installment");
- $432,375 due by December 1, 2020 ("Tenth Installment");
- $432,375 due by March 1, 2021 ("Eleventh Installment");
- $432,375 due by June 1, 2021 ("Twelfth Installment");
- $432,375 due by August 31, 2021 ("Thirteenth Installment");
- $432,375 due by December 1, 2021 ("Fourteenth Installment");
- $432,375 due by March 1, 2022 ("Fifteenth Installment");

- $432,375 due by June 1, 2022 ("Sixteenth Installment");

- $432,375 due by August 31, 2022 ("Seventeenth Installment");

- $432,375 due by December 1, 2022 ("Eighteenth Installment");

- $432,375 due by March 1, 2023 ("Nineteenth Installment"); and

- $432,375 due by June 1, 2023 ("Twentieth Installment");

12. The Agreement provides, in the Additional Costs Section, that "[Gautam] shall pay the following fees, charges and costs in addition to the above Installments(s) and Security Deposit: any applicable Fuel Surcharge (see Appendix); third party taxes; duties, charges and imposts (including US Federal Excise Tax); additional insurance requested by [Gautam]; additional services (such as arranging ground transport or arranging sub-charter flights utilizing non-Program Aircraft and/or for flights outside the Service Area) requested by [Gautam] (where VistaJet US is able to arrange an additional service, a service fee of 10% capped at $20,000, shall be applied by VistaJet US to the cost of each additional service so arranged); wi-fi on International Flights; satellite phones; landing and handling charges as determined by VistaJet US in the Asia Pacific Region and outside of the Service Area; High Density Airport Charges (see Appendix) and de-icing fees." ("Additional Costs").

13. During the course of the Agreement, Gautam incurred and was required to pay to VistaJet US Additional Costs totaling $6,086.47.

14. The Agreement provides, in the Payment Section, that "[t]ime for payment is of the essence. Late payments are subject to interest at 1% of the outstanding sum per month from the due date until receipt of payment by VistaJet US."

15. The Agreement, in Further Provisions, Section 5.1, defines an "Event of Default" to include, *inter alia*, the "failure to pay proper amount due when due under this Program."

4

16. The Agreement, in Further Provisions, Section 5.2, provides that during an Event of Default by Gautam, Gautam shall not be entitled to use of the Aircraft under the Agreement, and Gautam's "Committed Hours shall be reduced, as liquidated damages and not as a penalty, by an amount equal to one twelfth of the then-current Year's Committed Hours for each 30 day period or part thereof that such default persists. Any such reduction in Committed Hours shall be in addition to VistaJet US's right to claim all sums which may be due hereunder and to pursue all other remedies available to it at law or in equity."

17. The Agreement, in Further Provisions, Section 5.4, provides that "[a]ll Installments … payable to VistaJet US by [Gautam] under this Program shall become immediately due and payable to VistaJet US by [Gautam] in the event that any payment due by [Gautam] to VistaJet US under this Program remains wholly or partly outstanding for thirty (30) days or more after the date of invoice or other payment request issued by VistaJet US to [Gautam] in relation to such payment."

18. The Agreement, in Further Provisions, Section 5.5, provides that VistaJet US "reserves the right to re-charge [Gautam] any costs incurred by VistaJet US in engaging lawyers … instructed by VistaJet US to collect any sums overdue for payment under this Program."

19. Gautam timely paid the First and Second Installments due under the Agreement.

20. Gautam paid only $205,000 of the $416,889 Third Installment due under the Agreement.

21. Gautam wrongfully has repudiated the Agreement, and wrongfully has failed and refused to pay the remaining $211,889 due under the Third Installment of the Agreement, has failed and refused to pay the Fourth through Twentieth Installments due and owing to VistaJet

5

US under the Agreement, and has failed and refused to pay the Additional Costs he owes under the Agreement, despite the demands of VistaJet US that he make all such payments.

22.     VistaJet US has duly performed its obligations under the Agreement.

### COUNT ONE: BREACH OF CONTRACT – THIRD INSTALLMENT

23.     VistaJet US incorporates paragraphs 1-22 above as if set forth fully herein.

24.     Gautam wrongfully failed and refused to pay the remaining $211,889 of the Third Installment that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payment.

25.     Gautam's failure to pay this $211,889 constituted an Event of Default under the Agreement.

26.     Gautam's failure and refusal to pay to VistaJet US the money he owes to VistaJet US with respect to the Third Installment constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $211,889, exclusive of interest, costs and attorneys' fees.

27.     Accordingly, as a result of Gautam's failure and refusal to pay VistaJet US the full amount of the Third Installment as he was required to do under the Agreement, he owes and is required to pay to VistaJet US the sum of $211,889, plus interest, costs and attorneys' fees.

### COUNT TWO: BREACH OF CONTRACT – FOURTH THROUGH EIGHTH INSTALLMENTS

28.     VistaJet US incorporates paragraphs 1-27 above as if set forth fully herein.

29.     Gautam failed and refused to pay, and never paid, the Fourth, Fifth, Sixth, Seventh and Eighth Installments, totaling $2,146,389, that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payments.

30. Gautam's failure to pay the Fourth, Fifth, Sixth, Seventh and Eighth Installments each constituted an event of Default under the Agreement.

31. Gautam's failure and refusal to pay to VistaJet US the money he owes with respect to the Fourth, Fifth, Sixth, Seventh and Eighth Installments constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $2,146,389, exclusive of interest, costs and attorneys' fees.

32. Accordingly, as a result of Gautam's failure and refusal to pay VistaJet US the Fourth, Fifth, Sixth, Seventh and Eighth Installments as he was required to do under the Agreement, he owes and is required to pay to VistaJet US the sum of $2,146,389, plus interest, costs and attorneys' fees.

### COUNT THREE:  BREACH OF CONTRACT – ADDITIONAL COSTS

33. VistaJet US incorporates paragraphs 1-32 above as if set forth fully herein.

34. Gautam failed and refused to pay, and never paid, the Additional Costs totaling $6,086.47 that he was required to pay to VistaJet US under the Agreement, despite the demands of VistaJet US that he make such payment.

35. Gautam's failure to pay the Additional Costs constituted an event of Default under the Agreement.

36. Gautam's failure and refusal to pay to VistaJet US the money he owes with respect to the Additional Costs constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $6,086.47, exclusive of interest, costs and attorneys' fees.

37. Accordingly, as a result of Gautam's failure and refusal to pay VistaJet US the Additional Costs as he was required to do under the Agreement, he owes and is required to pay to VistaJet US the sum of $6,086.47, plus interest, costs and attorneys' fees.

## COUNT FOUR: BREACH OF CONTRACT - ACCELERATION OF PAYMENTS

38. VistaJet US incorporates paragraphs 1-37 above as if set forth fully herein.

39. The Additional Costs of $6,086.47, the remaining $211,889 due under the Third Installment, and the entire Fourth through Eighth Installments due and owing to VistaJet US under the Agreement have remained unpaid and outstanding for more than thirty days after the payment requests issued by VistaJet US in relation to such payments.

40. As a result of Gautam's repudiation of the Agreement, and his failure and refusal to timely pay the money owed to VistaJet US for the Additional Costs, and the Third through Eighth Installments, despite the demands of VistaJet US that he make such payments, and pursuant to the Agreement's Further Provisions, Section 5.4, all of the money that Gautam was required to pay under the Agreement for the Third through Twentieth Installments, totaling $7,546,778, became immediately due and payable by Gautam to VistaJet US.

41. Gautam has failed and refused to pay to VistaJet US the $7,546,778 for the Third through Twentieth Installments that he owes to VistaJet US under the Agreement, despite the demands of VistaJet US for such payments.

42. Gautam's repudiation of the Agreement, and his failure and refusal to pay to VistaJet US the money he owes in relation to the Third through Twenthieth Installments constitutes a breach of the parties' Agreement, and has resulted in damages to VistaJet US in the sum of $7,546,778, exclusive of interest, costs and attorneys' fees.

43. Accordingly, as a result of Gautam's repudiation of the Agreement, and his failure and refusal to pay VistaJet US the money he owes to it under the Agreement, VistaJet US is entitled to damages from Gautam of $7,546,778, plus interest, costs and attorneys' fees in accordance with the terms of the Agreement.

WHEREFORE, VistaJet US demands judgment against Gautam awarding it the total sum of $7,552,864.47, together with interest, attorneys' fees, and costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:  July 17, 2020

        Respectfully submitted,

By_____
    Christopher Carlsen
    Nicholas Magali

CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
(212) 710-3930

Attorneys for Plaintiff
VistaJet US Inc.

To:    Rishi Gautam
       c/o River Cities Advisors LLC
       1001 Brickell Bay Drive, Suite 2700
       Miami, Florida 33131